Cohen v Broad Green Pictures LLC (2018 NY Slip Op 02757)





Cohen v Broad Green Pictures LLC


2018 NY Slip Op 02757


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Sweeny, J.P., Richter, Webber, Moulton, JJ.


6363 155458/16

[*1]Randy Cohen, Plaintiff-Respondent,
v
Broad Green Pictures LLC, et al., Defendants-Appellants.


Davis Wright Tremaine LLP, New York (Katherine M. Bolger of counsel), for appellants.
Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), and Giskan Solotaroff, New York (David Feige of counsel), for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered October 29, 2017, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff Randy Cohen is the former husband of Katha Pollitt, a New York writer and author. Ms. Pollitt published a non-fiction essay, titled "Learning to Drive," in the July 22, 2002 issue of The New Yorker Magazine (the article). The article wove together Ms. Pollitt's story of learning to drive, at the age of 52, with the demise of her relationship with a man identified only as her lover. Ms. Pollitt described her lover, inter alia, as "a dedicated philanderer," and "a womanizer, a liar, a cheat, a manipulator, a maniac, a psychopath. In contrast, Ms. Pollitt described her ex-husband as someone with whom she "g[o]t on very well," and "an excellent father."
In 2015, defendants Broad Green Pictures LLC and Learning to Drive Movie LLC produced and distributed a motion picture, titled "Learning to Drive," which was based upon the article, but modified the story. The trailer for the movie portrays a middle-aged woman Wendy Shields, identified as a book critic, learning to drive in Manhattan, while discussing her personal relationships. The trailer depicts or makes references to Wendy's ex-husband, Ted, five times. This libel action arises from two allegedly defamatory statements made about "Ted," in a trailer, describing him as an adulterer and philanderer.
Plaintiff sufficiently pleads that defamatory statements made about Wendy's ex-husband, in the trailer, are "of and concerning" him (see Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86 [2016]; Geisler v Petrocelli, 616 F2d 636 639-640 [2d Cir 1980]). The trailer, which proclaims itself to be "Based on a True Story," is based upon, and shares a title with the article, linking the main character, Wendy, to Ms. Pollitt, and by extension, Wendy's ex-husband Ted to plaintiff. Wendy and Pollitt are middle-aged, female writers learning to drive in Manhattan, who formerly relied on an ex-husband to drive them and have a daughter. As relates to the story, plaintiff's salient characteristic is that he is the only ex-husband of the article's author, which distinctive trait links him indelibly to Ted, the only former spouse depicted in the trailer (see Greene v Paramount Pictures Corp., 138 F Supp3d 226 [ED NY 2015]).
At this early stage of the litigation, defendants failed to establish that plaintiff was a public figure or that this was a matter of public concern, to which the "actual malice" standard applies (see New York Times Co. v Sullivan, 376 US 254, 279-280 [1964]; Kipper v NYP Holdings Co., Inc., 12 NY3d 348, 354 [2009]), or that the subject matter of the trailer is within the sphere of legitimate public concern (see Huggins v Moore, 94 NY2d 296, 301 [1999]; Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 199 [1975]; Krauss v Globe Intl., 251 [*2]AD2d 191, 193—194 [1st Dept 1998]).
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK